IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COREY D. DUNN,

                Petitioner,          Civil No. 08-732-AA

                v.                ORDER

J.E. THOMAS,

                Respondent.

AIKEN, District Judge.

Petitioner, a federal inmate currently housed at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 alleging that the BOP wrongfully denied him a prior custody credit for time he served in state custody before his arrival at FCI Sheridan.

Respondent's Answer (#13) and exhibits thereto establish the following facts:

On July 22, 2005, petitioner was arrested by California

1 - ORDER

state authorities in Solano County on various firearm charges., includingFelon in Possession of a Firearm and Carrying a Concealed Weapon in a Vehicle, and on an outstanding state warrant from Sonoma County for being a Fugitive from Justice. No federal agency was involved in petitioner's arrest.

On October 20, 2005, petitioner was indicted by the United States on the charge of Felon in Possession of a Firearm. On November 9, 2005, Solano County turned over custody of petitioner to Sonoma County, where he faced charges of second degree burglary. The Solano County charges were dismissed.

On December 16, 2005, the State of California sentenced petitioner to a three-year term of imprisonment. The State applied 66 days of prior custody credit to petitioner's state sentence, for the period of October 11, 2005, through December 15, 2005, the day before petitioner's sentence in state court.

On January 23, 2007, while serving his state sentence, petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus as prosequendum to stand trial for Felon in Possession of a Firearm. On May 10, 2007, while on writ, the State of California paroled petitioner from his state sentence. Petitioner remained in custody of the United States Marshals Service until September 10, 2007, when

the United States District Court for the Eastern District of California sentenced petitioner to a 57-month term of imprisonment on the federal indictment.

The BOP computed petitioner's sentence pursuant to 18 U.S.C. §3585(a) and (b) and Program Statement (PS) 5880.28. The BOP commended petitioner's sentence on September 10, 2007, and in accordance with § 3585(b), the BOP awarded petitioner 122 days of prior custody credit for the period of May 11, 2007, the day after his release from the state sentence, through September 9, 2007, the day before commencement of his federal sentence. The BOP also awarded petitioner an additional 81 days of prior custody credit for the period of July 22, 2005, the day of his initial arrest, through October 10, 2005, the day before California began crediting his state sentence, because that official detention time was not credited toward his state sentence.

Petitioner filed for administrative remedies regarding this matter at the institutional and regional level and the remedies were denied. Petitioner filed for an administrative remedy at the Central Office level and that appeal was pending at the time respondent filed an Answer on August 29, 2008.

Federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th

Cir. 2004);  Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991);

Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986).

If a court determines that an inmate has failed to exhaust administrative remedies with respect to claims raised in a § 2241 proceeding, the proper procedure is for the court to dismiss the claim(s) without prejudice.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), cert. denied sub nom, Alamedia v. Wyatt, 540 U.S. 810 (2003).

The record reflects that at the time respondent filed an Answer in this case, petitioner's appeal to the Central Office of the BOP was still pending. Accordingly, petitioner's claim is denied.  Although the denial for failure to exhaust is ordinarily without prejudice, for the reasons set forth below, petitioner's claim is denied on the merits and with prejudice.

Petitioner requests that this court order the BOP give him federal credit for the time he served in California state custody serving his state sentence for second degree burglary because he was allegedly under the primary jurisdiction of the United States at that time.

Petitioner argues that federal authorities obtained primary jurisdiction over him following the dismissal of the California state charges against him by Solano County and that federal authorities effectively "loaned" him to Sonoma County for prosecution and sentencing when he was transferred there

from Solano County on November 9, 2005. Petitioner's contentions are incorrect.

"As a general rule, the first sovereign to arrest a defendant has priority jurisdiction for trial, sentencing, and incarceration." Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991). Under the doctrine of comity, the sovereign with priority of jurisdiction may elect to relinquish it to another sovereign through bail release, dismissal of charges or parole release. Id.

In Cozine v. Crabtree, 15 F. Supp 2d 997, 1017 (D.Or. 1978), the district court found that California initially had primary jurisdiction over the petitioner by virtue of arresting him, but that it relinquished that right when it released the petitioner on bond. The next sovereign to obtain primary jurisdiction over the petitioner was Alabama when it arrested him. While in the primary custody of Alabama, the petitioner was indicted on federal charges and  taken into federal custody on a writ of habeas corpus as prosequendum. Alabama subsequently dismissed its state charges. The district court held: "Although federal officials initially obtained possession of [petitioner] by borrowing him from Alabama, they inherited primary jurisdiction when Alabama relinquished its claim to [petitioner] by no-billing and subsequently dismissing all state charges against him." Id.

at 1018.

In this case, the State of California obtained primary jurisdiction over petitioner when it arrested him on July 22, 2005. At no time prior to petitioner's parole form his state sentence on May 10, 2007, did California relinquish its priority of jurisdiction. Unlike Alabama in <u>Cozine</u>, California did not dismiss all the pending state charges against petitioner. Solano County dismissed its pending firearm charge against petitioner, but that did not disturb Sonoma County's maintenance of its second degree burglary charge against petitioner. Thus, California - not the United States - had primary jurisdiction over petitioner during the period from his initial arrest on July 22, 2005, until California paroled him on his state sentence on May 10, 2007.

Under 18 U.S.C. § 3585, the Attorney General is responsible for sentence computation. Sentence computation authority has been delegated from the U.S. Attorney General to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; <u>United States v. Moore</u>, 978 F.2d 1029, 1031 (8th Cir. 1992).

18 U.S.C. § 3585(a) provides: A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

In this case, the BOP commenced petitioner's sentence on September 10, 2007 - the day it was imposed.

Petitioner apparently seeks prior custody credit for the period of October 11, 2005, through May 10, 2007 - the only period of time for which the BOP did not award him prior custody credit.

18 U.S.C. § 3585(b) provides:  "Credit for prior custody: - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences... (1) as a result of the offense for which the sentence was imposed; .... that has not been credited against another sentence. "

The Supreme Court has noted that under § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also, United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991).

In this case, the prior custody time for which petitioner seeks credit was "credited against another sentence"  because petitioner was in state custody pursuant to his state court sentence.  Therefore, § 3585(b) prohibits the relief sought by petitioner.

BOP Program Statement 5880.28, which implements § 3585(b), confirms this result by stating: "The non-related

7 - ORDER

official detention must not have been granted on another sentence.  If it was applied on a state or foreign sentence, then credit is not applicable to the SRA sentence."    See, Respondent's Answer (#13) Exhibit 1, attachment 8.

In this case, petitioner is seeking prior custody credit for time while he was serving his state sentence and which was credited to his state sentence.  Therefore his claim is in conflict with the rules governing sentence computation and is denied.

Conclusion: Petitioner has failed to exhaust administrative remedies with respect to his claim in this proceeding which would require this court to deny his claim without prejudice. However, the record reflects that the time for which he seeks custody credit was applied to his California state sentence. Therefore under the sentence computation provisions discussed above, he is not entitled to the credit he seeks and his claim is denied on the merits, ie. with prejudice.

This proceeding is dismissed.

IT IS SO ORDERED

DATED this    4    day of January, 2009.

/s/Ann Aiken
Ann Aiken
United States District Judge